WINTHROP W. CHENERY *vs.* WILLIAM S. BARKER & another.

In an action upon a promissory note, under an answer alleging that it was given for an illegal consideration, the defendant may show that it was made in renewal of a note so given.

ACTION OF CONTRACT upon a promissory note. Answers, that the note was given for an illegal consideration, to wit, for spirituous and intoxicating liquors sold to the defendant Barker in violation of law. At the trial in the superior court of Suffolk at May term 1857, *Huntington*, J. ruled that under these answers the defendants could not introduce evidence that this note was made in renewal of two former notes the consideration of which was spirituous and intoxicating liquors illegally sold by the plaintiff to Barker. The defendants submitted to a verdict for the plaintiff, and alleged exceptions.

*E. Ripley*, for the defendants.

*W. Brigham*, for the plaintiff, cited *St.* 1852, *c.* 312, § 18; *Rundlett* v. *Weeber*, 3 Gray, 263 ; *Mulry ɩ. Mohawk Valley Ins. Co.* 5 Gray, 541.

METCALF, J. The illegal consideration of the note in suit is the substantive fact on which the defendants rely in avoidance of the action ; and the practice act (*St.* 1852, *c.* 312, §§ 15, 18) makes it necessary to the admission of proof of that fact, that they should clearly and precisely set it forth in their answers. *Granger* v. *Ilsley*, 2 Gray, 521. *Bradford* v. *Tinkham*, 6 Gray, 494. This they have done ; and the only question in the case is, whether they should have been allowed, in proof of their answer, to introduce evidence that the note was given as a

substitute for other notes that were void for illegality of con‑ sideration.

There can be no doubt that a note, given as a substitute for another note that was void, is itself also void, whether the other note was void for want of consideration, or for ille‑ gal consideration. *Hill* v. *Buckminster*, 5 Pick. 391. *Western Bank* v. *Mills*, 7 Cush. 546. *Holden* v. *Cosgrove, ante,* 216. Rosc. Ev. 169. This is not questioned by the plaintiff. But he con‑ tends, that the defendants, in order to render admissible the evi‑ dence which they offered, must have set forth, in their answers, that the note was given as a substitute for other notes that had been given for liquors sold in violation of law; and that the offered evidence would not have supported the answers that were filed. The court think otherwise; being of opinion that the evidence should have been admitted, and that it would, if believed, have entitled the defendants to a verdict.

In *Hay* v. *Ayling*, 16 Ad. & El. N. R. 423, which was an action against the acceptor of two bills of exchange of the same date, each for £50, the defendant pleaded that he accepted the bills at the request of a third person named, to whom he had lost £100, by betting on a horse race, and that he had accepted the bills in consideration of said sum of £100 so lost by betting, and to secure the payment thereof, contrary to the statute in such case made. Upon the trial of an issue on the replication *de injuria &c.*, the proof was that the defendant at first accepted, in consideration of the gaming transaction mentioned in his plea, a bill drawn by the plaintiff for £100, which was dishon‑ ored, and that the plaintiff then gave him time, and took the acceptances declared upon, by way of renewal. It was decided that there was no variance between the plea and the proof, but that as the first bill was for an illegal consideration, the two others were for the same, according to the averments in the de‑ fendant's plea. That decision conforms to our view of the law.

We do not understand that the practice act requires a defend‑ ant, in his answer, to set forth the fact or facts on which he relies in avoidance of the action, with more clearness and precision than is necessary in a technical plea in bar; nor do we perceive

any reason for holding that evidence, which is admissible and sufficient in support of the averments in such a plea, should not be admissible and sufficient in support of the like averments in an answer. *Exceptions sustained.*